IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMBER PRICE,                                            Civil Action No:

          Plaintiff,

    v.

HANOVER TOWNSHIP,

          Defendant.

## COMPLAINT

1. Amber Price, Plaintiff herein, is an adult individual and resident of Allegheny County, Pennsylvania.

2. Hanover Township, Defendant herein, is a political subdivision of the Commonwealth of Pennsylvania with a principal place of business in Washington County, Pennsylvania.

3. At all times relevant, Defendant did, and does, receive federal financial assistance.

4. This action is brought under the Rehabilitation Act (29 U.S.C. § 794, *et seq.*).

5. From 2001 until 2008 and from 2011 until 2013, Plaintiff was employed by Defendant as a part-time seasonal detail police officer, a position for which she was and is fully qualified at all times relevant.

6. Plaintiff was, during this period also employed full-time as a healthcare worker.

7. At all times relevant, it was Defendant's practice to rehire part-time seasonal detail police officers each year.

8. On November 18, 2012 Plaintiff sustained brain and shoulder injuries in the course of her employment with her full time employer, which substantially limited her in the major life activities of processing and remembering information and lifting and carrying heavy objects.

9. The injuries sustained by Plaintiff required ongoing treatment, and required her to be off work from November 18, 2012 through February 25, 2015, when she was released by her physician to return to work with no restrictions.

10. In 2013, Plaintiff was rehired as a part-time officer, although she had not yet been medically released, and was permitted to take departmental updates in February, 2014.

11. On April 8, 2014 Plaintiff was called to Defendant's police station to meet with Stan Henry, the Officer in Charge, and David Duerr, the appointed supervisor of the police department.

12. Henry and Duerr questioned Plaintiff about her injuries and pending worker's compensation claim, then reviewed with her new policies enacted since the prior year.

13. On April 16, 2014, Duerr called Plaintiff and informed her that she was not being recommended for rehiring, saying it had to do with her injury.

14. On or about August 7, 2014 Plaintiff filed a Complaint of disability discrimination with the U.S. EEOC.

15. Throughout the course of her employment with Defendant, Plaintiff had never missed an assigned shift, never called off, never missed a court hearing, and never been late for duty.

16. On February 4, 2015 Plaintiff notified Henry that she wanted to return to work and was going to be released without restrictions by her physician effective February 25, 2015.

17. Also on February 4, 2015, Henry provided Plaintiff with an employment application and told her that it would not be necessary to submit her medical release with the application, but to bring it with her to her interview.

18. On February 17, 2015, Plaintiff signed and dated an application for the position of part-time seasonal detail police officer, which was available, and hand-delivered the completed application to Defendant on February 26, 2015 after she obtained the full medical release from her physician.

19. Plaintiff's application for rehire was never acknowledged by Defendant, although, having heard that interviews were being conducted in early April, on April 6, 2015 she submitted a copy of her medical release, which Henry had instructed her to present at her interview, and also withdrew, at the direction of Defendant, the charge she had previously filed with a federal agency.

20. Despite Plaintiff's excellent prior work record with Defendant, including assigned supervisory duties, and extensive experience in Defendant's operations, Plaintiff was denied an interview and was not rehired, although Defendant did interview and hire 19 new and less experienced officers, and rehired 23 returning officers, the latest of said hires occurring on April 16, 2015.

21. As a result of Defendant's conduct as set forth herein, including the termination of her employment and refusal to reinstate or rehire her, Plaintiff has suffered loss of income, other economic losses, training opportunities, and other substantial benefits, humiliation, mental anguish, and damage to her professional reputation and relationships.

22. The conduct of Defendant as set forth herein constituted violation of the Rehabilitation Act, including, but not limited to, the conduct set forth above and the following particulars:

    a. Terminating and refusing to interview and/or rehire Plaintiff because of her record of having a disability which substantially impaired her ability to process information and make rapid decisions;

    b. Refusing to interview and/or rehire Plaintiff because of her record of having the disability described herein, and/or because Defendant regarded her as continuing to suffer from a disability, despite the release by Plaintiff's physician; and

    c. Refusing to interview and/or rehire Plaintiff to retaliate against her for her previous Complaint of disability discrimination.

23. As a result of Defendant's conduct, Plaintiff sustained damages, as set forth above.

WHEREFORE, Plaintiff claims compensatory and punitive damages, equitable relief, including back and front pay, reinstatement, attorney's fees and costs, and demands a trial by jury.

Respectfully submitted,

By: /s/ Susan E. Mahood
Susan E. Mahood, Esquire
Pa. Id. No. 50024

1600 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 281-1444

**Attorney for Plaintiff**